### (March 10, 1938.)

In the Matter of the Application of EDWARD MCKAGUE, Appellant, for an Order Pursuant to the Provisions of Section 330 of the Election Law against HOWARD E. PEARSALL, as Village Clerk of the Incorporated Village of Freeport, Nassau County, New York, HENRY VON ELM and WORDEN E. WINNE, Respondents.— The petitioner challenged the validity of the petitions for independent nominations for trustees of the village of Freeport, signed by more than 1,200 voters, although 272 signatures were sufficient. It was alleged that the petitions did not comply in certain technical respects with the provisions of section 135 of the Election Law. There was no charge of fraud or deception. Nor is it disputed that all the signers of the petitions are duly qualified voters of the political unit for which the nominations are to be made and are entitled to vote at the ensuing election. Order denying petitioner's application to declare such petitions invalid and to direct the village clerk to withhold the names of the nominees from the ballot at the ensuing election, affirmed, without costs. There is substantial compliance with the provisions of the statute. Hagarty, Davis and Johnston, JJ., concur; Lazansky, P. J., and Taylor, J., dissent and vote for a reversal of the order, with the following memorandum: The method of authentication of the petitions is the optional one contemplated in Election Law, section 135, namely: " The petition also may be authenticated as to all the signatures upon a *separate sheet*, by appending at the bottom of *such sheet* an affidavit of a witness, who is a duly qualified voter of the State, as to the subscription thereof." This requirement, which is mandatory, has not been complied with even substantially, except in two instances presented at pages 1 and 31 of the petition. In those instances the nominators whose subscriptions respectively are proved properly by affidavit at the " bottom of such sheet," are insufficient in number to accomplish valid nominations. The applicant is entitled to the relief sought. (*Matter of Kollock* v. *Russell*, 162 Misc. 299; affd., 250 App. Div. 774.) There is a complete failure to meet the requirements of the statute.